IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK D. COLLINS, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 7:12cv319 |
| v. | ) | |
| | ) | |
| SERGIO FERNANDO PINEDA FLORES, | ) | By: Michael F. Urbanski |
| | ) |     United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on defendant's motion to quash service or dismiss filed by Nationwide Insurance Company of America ("Nationwide"). Dkt. # 25. Although not entirely clear, it appears that Nationwide is the automobile liability insurer for the defendant in this action, Sergio Fernando Pineda Flores ("Flores"). Because Nationwide is not party to this action, nor can it be a party at this time, the motion to quash process as to it must be granted.

**I.**

On July 17, 2012, plaintiff Mark D. Collins ("Collins"), a citizen of Virginia, brought suit against Flores, a citizen of Mexico, for personal injuries arising out of an automobile accident which occurred on Interstate 81 in Montgomery County, Virginia on November 18, 2008.[1]

As Flores is a citizen of Mexico, Collins has had some difficulty serving him with process. Collins first sought to serve Flores through the Secretary of the Commonwealth of Virginia, and filed a Certificate of Service to that effect on November 6, 2012. Based on that Certificate of Service, plaintiff filed a motion for default judgment on November 7, 2012. By Order dated December 5, 2012, the court denied the motion for default judgment, concluding

---

[1] The case proceeded previously in the Montgomery County Circuit Court and was voluntarily nonsuited under Virginia law on February 1, 2012.

that service by means of the Secretary of the Commonwealth is not the proper method of serving process on a Mexican resident. The court has granted Collins two subsequent extensions of time to file proof of service on Flores. Under the last extension, proof of service must be filed no later than July 5, 2013.

In the meantime, Collins served Government Employees Insurance Company ("GEICO"), ostensibly his insurer, and GEICO answered on October 25, 2012.

On March 12, 2013, Collins requested that a summons be issued to Nationwide, and a summons was issued by the clerk on March 26, 2013. On May 5, 2013, Nationwide filed the pending motion to quash or dismiss and a supporting memorandum. Although required to respond within fourteen (14) days by Local Civil Rule 11(c)(1), Collins has filed no response to Nationwide's motion.

## II.

Plainly, under the circumstances of this case, Nationwide is not a proper party defendant and is not susceptible to service of process as such. Nationwide is not mentioned in the complaint, and there is no allegation of any duty owed Collins by Nationwide. Ostensibly, Collins served Nationwide as Flores' liability insurance carrier. As Flores' liability insurer, Nationwide may not be sued in its own right in a tort action unless and until a judgment is entered against Flores, its insured. "[I]n Virginia, an injured person must reduce his claim to judgment before bringing an action against the tort-feasor's liability insurer." United States Auto. Ass'n v. Nationwide Mut. Ins. Co., 218 Va. 861, 867, 241 S.E.2d 784, 788 (1978); Richmond, F. & P. R. Co. v. Hughes-Keegan, Inc., 207 Va. 765, 773, 152 S.E.2d 28, 33-34 (1967); Miller v. Augusta Mut. Ins. Co., 157 Fed. Appx. 632, 636 (4th Cir. 2005). See also Va. Code § 8.01-5 (prohibiting joinder of an insurance company on the basis of the issuance of a policy of insurance

to a party to the action). No judgment has been rendered against Flores in this case. Because the process issued against Nationwide is not proper in this case at this time, it must be quashed.

An appropriate order will be entered.

Entered: June 5, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge